IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, )  )  Plaintiff, )  )  vs. )  )  WARREN GRIFFIN, )  )  Defendant. ) | Case No. 21-CR-30003-DWD |

### MEMORANDUM AND ORDER

Pending before the Court is Defendant Warren Griffin's Motion to Suppress Identification ("Motion to Suppress"). (Doc. 466). The Government has responded in opposition (Doc. 543), and the Court held an evidentiary hearing on November 15, 2022. (Doc. 617). The Government also provided the Court with a copy of the photographs that appear to be the subject of Griffin's Motion to Suppress. (Doc. 604-7). For the reasons that follow, the Motion to Suppress is **DENIED**.

In his Motion to Suppress, Griffin asks the Court to enter an order, "suppressing any identification of him by various confidential informants and/or cooperating witnesses." According to Griffin, "discovery appears to indicate that various confidential informants and/or cooperating witnesses were asked about their knowledge and ability to describe and identify Mr. Griffin." Griffin also indicates that discovery contains various marked photographs, purportedly of Griffin. Griffin speculates that confidential informants and/or cooperating witnesses were presented with these photographs and asked to identify Griffin. Counsel further speculates that any such identifications were

obtained improperly (e.g., counsel states that it "appears" that any such witnesses were presented with suggestive photos in a coercive law-enforcement setting).

The Court held an evidentiary hearing on November 15, 2022. (Doc. 617). At the hearing, Master Sergeant Nick Homann ("Homann") testified. Homann has been an officer with the Illinois State Police for 16 years. (Doc. 617, p. 86). In 2018, Homann was assigned to an investigative unit responsible for investigating members of the Gangster Disciples in the East St. Louis area. During direct examination, Homann indicated as follows regarding the marked photographs (Doc. 604-7) that are the subject of Dobbins' Motion to Suppress:

> Q. Now, moving on, Sergeant, at some point do you use -- as part of your investigation into the Gangster Disciples do you make use of confidential informants?
> A. Yes, sir.
> Q. And do you also review as part of your investigation letters or other mail that is received to and from people who are in jail or prison?
> A. Yes.
> Q. And as part of this investigation did you review photographs of suspected Gangster Disciples which are labeled with names identifying some of the individuals in those photographs?
> A. Yes, I did.
> Q. Sergeant Homann, do you recognize that packet of photographs that I've just handed you?
> A. Yes, I do.
> Q. Have you seen them before?
> A. I have.
> Q. Do you recall where you obtained them?
> A. I believe they came from the Federal Bureau of Prisons.
> Q. And did the Bureau of Prisons supply you with any information regarding where those photographs had been -- who had sent those photographs?
> A. Just per my recollection it came from Mr. Dobbins sent to Mr. Hoover.
> Q. If you just could tell the Court briefly who is Mr. Hoover?
> A. Larry Hoover, the leader of the Gangster Disciples.

> Q. And the names, the labels on those photographs, were those labeled by a confidential informant?
> A. No, they were not.
> Q. Were they labeled by someone in law enforcement?
> A. Yes, they were.

(Doc. 617, pp. 102-104). Homman further testified as follows during cross-examination by Dobbins' counsel:

> Q. Now, to your knowledge, has any confidential source or in any of your interviews has there ever been an identification of a photograph of Warren Griffin, again, not by law enforcement, I'm talking about a confidential source, a witness or anyone else?
> A. No, sir, not to my knowledge.

(Doc. 617, p. 112).

Based on the record before the Court, Dobbins' motion is due to be denied. The marked photographs (Doc. 604-7) referenced in Dobbins' Motion to Suppress (Doc. 466) were obtained when law enforcement intercepted correspondence from Dobbins to Hoover. Homann's testimony indicates that, during the investigation, no confidential source or cooperating witness has identified a photograph of Griffin, and Dobbins has not presented the Court with any evidence to the contrary.

Accordingly, Dobbins' Motion to Suppress Statements (Doc. 466) is **DENIED**.

**SO ORDERED.**

Dated: January 3, 2023

DAVID W. DUGAN
United States District Judge